ALLEN *v.* PITTARD.

*J. P. Brooke* and *H. B. Moss,* for plaintiff.

*G. Fred Kelley* and *John I. Kelley,* for defendants.

PER CURIAM. The court is of the opinion that the judge of the superior court erred in dismissing the action. Properly construed, the petition with its amendments is the equivalent of an equitable action in ejectment; for the petitioner asks, in her prayers, that the deed made by Carl Bagwell as receiver to Mack Pittard be canceled, and that the title to the land in controversy be decreed to be in her, subject only to the security deed in favor of the Federal Land Bank of Columbia. The allegations of the petition as amended are sufficient, if proved, to entitle the plaintiff to the relief she seeks. Allen had conveyed the land to the Federal Land Bank of Columbia, and thereby had divested himself of legal title. Nevertheless he retained an equitable title which authorized him to hold possession, or to recover it as against any one except the Federal Land Bank of Columbia. When he conveyed the land by a second security deed to his wife (the petitioner), he invested her with title subordinate only to the title of the Federal Land Bank, but he still reserved to himself an equitable interest in the title to the land and the right of possession. The plaintiff is not bound by the judgments in the suits in which she was not a party, nor is she bound by the proceedings in the receivership, or the proceedings which resulted in the setting apart of a homestead. She has never had her day in court. She alleges that she loaned her husband a thousand dollars, to secure which he executed a security deed and gave her his note as evidence of the debt. Finding that he would not be able to pay his note, he agreed with her that if she would surrender his note she could take the land in payment of the debt. It is true that the written evidence of this agreement is not a deed; it is not witnessed; but the language of the writing is clear enough to bear evidence of the intention of the parties to transfer to petitioner, in exchange for the note of the debtor which she held, all of the equity belonging to the debtor, subject to the title of the Federal Land Bank of Columbia, and with this the right to the possession of the land unless and until she might be dispossessed by the bank. It seems that during the pendency of this suit the plaintiff was dispossessed, and

consequently she amended her original petition by asking that she be restored to her former possession. In the circumstances, and in view of the fact that the plaintiff was not a party in any of the several steps which led to her eviction, and the necessity for the removal of the cloud upon her title should the receivership and the record of the homestead be not canceled, the petition sets forth a cause for the intervention of equity. In this view of the case, there is no question that the superior court of Forsyth County has jurisdiction to dispose of the matter.

*Judgment reversed. All the Justices concur.*